NONPRECEDENTIAL DISPOSITION
To be cited only in accordance with
Fed. R. App. P. 32.1

# United States Court of Appeals

**For the Seventh Circuit**
**Chicago, Illinois 60604**

Submitted May 6, 2009[*]
Decided May 6, 2009

**Before**

FRANK H. EASTERBROOK, *Chief Judge*

JOEL M. FLAUM, *Circuit Judge*

TERENCE T. EVANS, *Circuit Judge*

No. 08-2540

JOSE SOTO,
    *Plaintiff-Appellant,*

    *v.*

DAN BERTRAND, et al.,
    *Defendants-Appellees.*

Appeal from the United States District
Court for the Eastern District of
Wisconsin.

No. 07-C-75

William C. Griesbach,
*Judge.*

**O R D E R**

Jose Soto, an inmate at Green Bay Correctional Institution, appeals the grant of summary judgment for the defendants in his action under 42 U.S.C. § 1983, alleging that prison officials retaliated against him for filing a grievance. We affirm.

---

[*] After examining the briefs and the record, we have concluded that oral argument is unnecessary. Thus, the appeal is submitted on the briefs and the record. *See* FED. R. APP. P. 34(a)(2).

After an altercation with another inmate, Soto was found guilty before a disciplinary board of fighting, and placed in segregation for 180 days. Soto later learned that the official in charge of his discipline, Security Officer Ericksen, was characterizing the incident as a stabbing (the other inmate required six stitches); Soto considered this an exaggeration and so—to clear his record—he filed a grievance against Ericksen.

After Soto completed his time in segregation, prison officials sought to move him to administrative confinement. Under prison regulations, inmates may be placed in administrative confinement if they pose a threat to the safety of themselves or others, or if there are reasonable grounds to believe that the inmates are actively affiliated with a gang. WIS. ADMIN. CODE DOC § 308.04. At the hearing to determine his placement, Soto protested that Ericksen had misrepresented his fight as a stabbing. His protestations notwithstanding, he was assigned to administrative confinement based on his serious criminal history, gang membership, and prison disciplinary record, including harassing guards and inmates. One result of this placement was that Soto, like all inmates in administrative confinement, was not allowed access to newspapers.

While in administrative confinement, Soto was caught "fishing," that is, casting a string between cells to pass along notes or other items. Under prison policy, Soto was disciplined by being forced to wear a "paper gown" for five days. According to Soto, others also caught fishing at the time were not required to wear paper gowns; Soto believed that his being singled out was retribution by Ericksen for filing the grievance.

Soto then sued for retaliation, pointing to his placement into administrative confinement and his punishment of having to wear a paper gown. He also added claims that having to wear a paper gown was cruel and unusual punishment and that the prison was improperly denying him newspapers.

The district court granted summary judgment for the prison officials. The court concluded that Soto could not make out a claim of retaliation because he presented no evidence that prison officials knew of or were motivated by his grievance when they moved him to administrative confinement or ordered him to wear a paper gown. The court also noted that the paper gown was a common punishment and did not violate the Eighth Amendment. Finally, the court found nothing unconstitutional about the prison's ban on newspapers for inmates in administrative confinement.

On appeal, Soto renews his argument that his placement in administrative confinement was based on retaliatory motive. He contends that Ericksen held a grudge against him for filing the grievance, and ever since has been finding ways to punish him. Ericksen, Soto argues, was responsible for having him placed unjustly in administrative

confinement, and singled him out for more severe punishment when he was caught fishing. In support, Soto points to an affidavit from another inmate who claims to have overheard Ericksen admitting that he was holding Soto in administrative confinement because he believed the incident actually was a stabbing. Soto also suggests that the timing of his punishment presents an inference of retaliatory motive: his placement in administrative confinement occurred only weeks after he filed the grievance.

To prove retaliation, Soto must show that a protected activity (in this case filing a grievance) was "at least a motivating factor" in any retaliatory action taken by the prison. *See Bridges v. Gilbert*, 557 F.3d 541, 546 (7th Cir. 2009). If he can show that retaliatory animus was a factor, then the burden shifts to the defendants to prove that the same actions would have occurred in the absence of the protected conduct. *Spiegla v. Hull*, 371 F.3d 928, 943 (7th Cir. 2004) (citing *Mt. Healthy Sch. Dist. Bd. of Educ. v. Doyle*, 429 U.S. 274, 287 (1977)).

Soto's evidence that prison officials were motivated by his grievance is weak. He speculates that his punishment was based on retaliation, but mere speculation is not sufficient to stave off summary judgment. *Rockwell Automation, Inc. v. Nat'l Union Fire Ins. Co. of Pittsburgh, Pa.*, 544 F.3d 752, 757 (7th Cir. 2008). His only evidence is the affidavit of another inmate, but that affidavit shows that Ericksen was motivated not by Soto's grievance, but by his dangerousness. And although the close timing of the grievance and the placement in administrative confinement is suspicious, at summary judgment "mere temporal proximity is not enough to establish a genuine issue of material fact." *Andonissamy v. Hewlett-Packard Co.*, 547 F.3d 841, 851 (7th Cir. 2008) (internal quotation omitted).

Even if Soto had shown the prison officials were motivated by retaliatory purpose, the defendants amply demonstrate that they would have taken the same actions even if Soto never filed the grievance. As the district court noted, Soto was punished for admitted, legitimate infractions. The record shows that Soto's placement in administrative confinement was based on his long history of abusive, violent behavior, and gang affiliation; moreover, the prison's written policies specifically authorize a sanction of the paper gown when an inmate is caught fishing.

Soto next contests the district court's conclusion that the paper-gown attire did not violate the Eighth Amendment. He argues that being deprived his regular prison clothing for five days was cruel and unusual punishment because he was cold and humiliated. But here too, as the district court noted, Soto presented no evidence that he was subjected to extreme cold or that prison officials knew of and disregarded risks to his health due to harmful conditions in his cell. *See Farmer v. Brennan*, 511 U.S. 825, 837 (1994); *Johnson v. Snyder*, 444 F.3d 579, 584 (7th Cir. 2006).

Finally, Soto challenges the district court's conclusion that being denied newspapers in administrative confinement did not violate the First Amendment. He is mistaken; withholding periodicals from prisoners in administrative segregation is a permissible policy choice for prison officials seeking to achieve legitimate penological goals. *Beard v. Banks*, 548 U.S. 521, 530 (2006); *George v. Smith,* 507 F.3d 605, 609 (7th Cir. 2007).

AFFIRMED.